UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | Case No. 1:14-cv-00417-TSB |
| | : | |
| Plaintiff | : | **MOTION OF DEFENDANT** |
| | : | **ROBERT W. JABLONSKI TO** |
| vs. | : | **DISMISS PLAINTIFF'S AMENDED** |
| | : | **COMPLAINT** |
| ROBERT JABLONSKI | : | |
| | : | |
| Defendant | : | |

Defendant Robert Jablonski ("Jablonski"), by and through his undersigned counsel, and pursuant to the Notation Order entered by the Court herein on March 20, 2015, but without prejudice to his continuing contention that the Court has not obtained personal jurisdiction over him, hereby moves this honorable Court pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to dismiss the Amended Complaint – Action for Damages for Property Rights Infringement ("Amended Complaint") (doc. no. 7) filed by plaintiff Malibu Media, LLC ("Plaintiff"), herein on August 20, 2014. The grounds for this Motion are set forth hereinafter and in the following documents, all of which were previously filed herein and are incorporated herein by this reference as if fully rewritten: the Memorandum of Robert W. Jablonski in Opposition to Plaintiff's Motion for Entry of Clerk's Default Pursuant to Fed. R. Civ. P. 55(a) ("Jablonski Memorandum") (doc. no. 15); the Affidavit of Robert W. Jablonski ("Jablonski Affidavit") (doc. no. 13); the Affidavit of Dale A. Stalf ("Stalf Affidavit") (doc. no. 14); the Order to Show Cause (doc. no. 20); and the Memorandum of Robert W. Jablonski in Response to Plaintiff's Response to the Court's Order to Show Cause ("Jablonski Response") (doc. no. 22).

A.    **Statement of Procedural Background and Operative Facts.**

As the docket of this Court reflects, this action was commenced by Plaintiff on May 17, 2014, against a fictitious defendant. On August 20, 2014, Plaintiff filed an Amended Complaint (doc. no. 7) naming Jablonski as a defendant therein. And on the very next day, the Clerk signed, sealed and delivered a Summons (doc. nos. 8 and 9) to Plaintiff's counsel for service upon Jablonski.

As the docket of this Court further reflects, over the course of the next 25 days, Plaintiff did absolutely nothing to obtain service of process upon Jablonski, even though it knew it had only until September 14, 2014, in which to do so. Instead, on September 15, 2014, Plaintiff filed its First Motion for Extension of Time Within Which to Effectuate Service on Defendant Robert Jablonski (doc. no. 10), falsely asserting therein[1] that "[u]pon receipt of the issued summons, Plaintiff immediately instructed its process server to begin attempting to serve the Defendant" and adding that "[t]o date, despite the process server's efforts, the Defendant has not yet been served." The Court granted Plaintiff's motion and entered a Notation Order on that same day ordering that "Plaintiff must complete service of process on or before October 14, 2014."

As indicated in the Jablonski Affidavit (but once again contrary to the Proof of Service form (doc. no. 11) referenced in footnote 1), on September 20, 2014, a man appeared at the door of Jablonski's home and handed him the documents attached as Exhibit 2 to the Jablonski Affidavit - - a copy of the Summons as signed and sealed by the Clerk was not one of them. Shortly thereafter, Jablonski retained the undersigned counsel to assist him and potentially represent him in this action. However, as indicated in the Stalf Affidavit, Plaintiff never filed

---

[1] Contrary to Plaintiff's assertions in said motion, we know from the Proof of Service form (doc. no. 11) filed by Plaintiff herein that it did not even give its process server a Summons to serve upon Jablonski until September 15, 2014.

anything with the Court even suggesting that it had effected service of process upon Jablonski until November 18, 2014, when it also filed its Motion for Entry of Clerk's Default Pursuant to Fed. R. Civ. P. 55(a) ("Plaintiff's Motion") (doc. no. 12). As soon as Plaintiff's Motion came to the undersigned counsel's attention, he entered a limited appearance for Jablonski on November 24, 2014, in order to oppose Plaintiff's Motion and to point out to the Court Plaintiff's misrepresentations as noted above. **Plaintiff thereafter filed and did nothing in response thereto**.

On January 20, 2015, the Court entered a Notation Order denying Plaintiff's Motion and ordering Plaintiff to "re-serve Defendant forthwith and advise the Court of its occurrence." Thereafter, but for reasons unknown to the undersigned counsel, Plaintiff requested the Clerk of Courts to issue another summons, and the Clerk did so on January 28, 2015 (doc. no. 19) . **Thereafter, however, Plaintiff once again did nothing**.

On February 27, 2015, this Court issued an Order to Show Cause (doc no. 20), noting that the record did not reflect that Plaintiff had advised the Court that it had effected service of process upon Jablonski, as Plaintiff had been ordered to do, and ordering Plaintiff to "show cause in writing within SEVEN DAYS of the entry date of this Order why the amended complaint should not be dismissed for failure of service of process." On March 6, 2015, Plaintiff filed Plaintiff's Response to the Court's Order to Show Cause ("Plaintiff's Response") (doc. no. 21), wherein Plaintiff again misrepresented certain facts to this Court (Plaintiff asserted that its process server had unsuccessfully attempted to serve Jablonski with process on March 1, 4 and 6 and suggested that Jablonski was resisting the process server's efforts) and requested that the Court discharge its Order to Show Cause. The undersigned counsel timely received notice from

- 3 -

the Clerk of the filing of Plaintiff's Response and on March 17, 2015, filed the Jablonski

Response for the limited purpose of again merely setting the record straight.

On March 20, 2015, the Court entered a Notation Order ordering that "[i]f Defendant

wishes to preserve his service defense, he shall file a motion forthwith." This Motion is being

filed for that limited purpose.

### B. Argument.

As instructed by the Sixth Circuit in *King v. Taylor*, 694 F.3d 650, 655-56 (6th Cir. 2012),

"without proper service of process, consent, waiver or forfeiture, a court may not exercise

personal jurisdiction over a named defendant" and "[a defendant's] full awareness that he [has]

been sued makes no legal difference to the question whether he was properly served." And as

further instructed by the Sixth Circuit in *Nafziger v. McDermott International, Inc.*, 467 F.3d

514, 520-22 (6th Cir. 2006), "Rule 4(m) of the Federal Rules of Civil Procedure requires

completion of service of process within 120 days after filing the complaint" and "[d]ismissal of

the action 'shall' follow unless the 'plaintiff shows good cause' for failure to meet the 120-day

deadline."

It is undisputed in the record of these proceedings that Plaintiff has not properly obtained

valid service of process upon Jablonski and, therefore, this Court does not now have personal

jurisdiction over him. As indicated in the Jablonski Memorandum and in the Jablonski

Response, Plaintiff and its counsel also have consistently shown that they have little to no regard

for the federal and local rules of civil procedure that govern this action, and even less regard for

the Orders of this Court. And neither Plaintiff nor its counsel has offered any reasonable excuse

for their dilatory conduct, much less any good cause as to why this action should not be

dismissed by the Court at this time. The dismissal of this action is more than warranted pursuant

to Fed. R. Civ. P. 12(a) (2) and/or (5) and Jablonski respectfully asks this Court to do so without further delay.

### C.    <u>Conclusion.</u>

This Court has not yet obtained personal jurisdiction over Jablonski due to Plaintiff's inexcusable failure to timely, properly and sufficiently serve him with process herein. For all of the foregoing reasons, defendant Robert W. Jablonski respectfully hereby requests that this Court grant the foregoing Motion in its entirety; that it dismiss Plaintiff's Amended Complaint, at Plaintiff's costs; and that it grant to Jablonski such other and further relief, in law or equity, as it deems just and proper.

/s/ Dale A. Stalf
Dale A. Stalf
dastalf@woodlamping.com
Susan K. Cliffel
skcliffel@woodlamping.com
WOOD & LAMPING LLP
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202
(513) 852-6000/Fax (513) 419-6478
*Trial Attorneys for defendant Jablonski*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of March, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties through their counsel of record herein by operation of the Court's electronic filing system. Parties may also access this filing through the Court's system.

/s/ Dale A. Stalf
Dale A. Stalf
Attorney at Law

2127950.1